IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOANNE GRACE<br>42101 Edward Circle<br>Columbiana, Ohio, 44408<br><br>Plaintiff,<br><br>v.<br><br>STEWARD HEALTH CARE SYSTEM, LLC<br>1900 N Pearl St #2400<br>Dallas, Texas, 75201<br><br>**Please serve also:**<br>CT Corporation System, (reg. agent)<br>4400 Easton Commons Way, Ste # 125<br>Columbus, Ohio, 43219<br><br>-and-<br><br>CHRISTINA STANKO<br>134 Potomac Ave<br>Niles, Ohio 44446<br><br>-and-<br><br>CAROLYN SNOWBERGER<br>4722 Durst Clagg Road,<br>Cortland, Ohio, 44410<br><br>Defendants | CASE NO.<br><br>JUDGE<br><br>**COMPLAINT FOR DAMAGES**<br><br>(Jury Demand Endorsed Herein) |

Plaintiff Joanne Grace, by and through undersigned counsel, as her Complaint against Defendants, states and avers the following:

## PARTIES.

1. Grace is an individual residing in Columbiana County, Ohio.

2. Steward Health Care System, LLC ("Steward") is a Delaware corporation with its principal place of business located in Dallas, Texas.

3. At all times referenced herein, Steward operated the "Hillside Rehabilitation Hospital" located at 8747 Squires Lane NE in Warren, Ohio ("Hillside").

4. Stanko is an individual residing in Trumbull County, Ohio who is and/or, at all times referenced herein, was the Director of Nursing for Hillside.

5. Snowberger is an individual residing in Trumbull County, Ohio who is, and/or at all times referenced herein, was the Human Resources Manager for Hillside.

## PERSONAL JURISDICTION.

6. Steward hires citizens of the state of Ohio, contracts with companies in Ohio, and owns or rents property in Ohio. As such, the exercise of personal jurisdiction over Steward comports with due process.

7. Stanko and Snowberger each contract with companies in Ohio and own or rent property in Ohio. As such, the exercise of personal jurisdiction over Stanko and Snowberger comports with due process.

8. This cause of action arose from or relates to the contacts of Defendants with Ohio residents, thereby conferring specific jurisdiction over Defendants.

## SUBJECT MATTER JURISDICTION AND VENUE.

9. This Court has jurisdiction over the subject matter of this action under the Family Medical Leave Act, ("FMLA") 29 U.S.C. § 2615, *et seq* and the Age Discrimination in Employment Act of 1967, 29 U.S. Code § 623.

10. Venue is proper in this District because the wrongs herein alleged occurred in this District.

## FMLA COVERAGE.

11. At all times referenced herein, Steward employed fifty (50) or more employees for twenty (20) or more workweeks during the calendar years of 2022 between and among its offices and facilities that are within seventy-five (75) miles of the location Grace worked.

12. At all times referenced herein, CCF was a covered employer under the FMLA pursuant to 29 CFR § 825.104.

13. At all times referenced herein, Grace was an "employee" of CCF as that term is defined by 29 USC § 2611(3).

14. At all times referenced herein, Stanko was an "employer" as that term is defined by 29 USC § 2611(4)(A).

15. At all times referenced herein, Snowberger was an "employer" as that term is defined by 29 USC § 2611(4)(A).

## ADMINISTRATIVE REMEDIES.

16. Within 300 days of the conduct alleged herein, Grace filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2023-01103 against Steward.

17. In her Discrimination Charge against Steward, Grace alleged that she had been wrongfully terminated by Steward on the basis of her age, 71.

18. On or about September 14, 2023 the EEOC issued and mailed a Notice of Right to Sue letter to Grace ("EEOC Right to Sue Letter.")

19. A true and accurate copy of the EEOC Right to Sue Letter is attached hereto as Exhibit A.

20. Grace has properly exhausted her administrative remedies against Steward pursuant to 29 C.F.R. §1614.407(b).

## FACTUAL ALLEGATIONS.

21. Grace is a former employee of Steward.

22. Prior to working for Steward, Grace had been employed by ValleyCare Health System of Ohio, ("ValleyCare") where she had worked at Hillside and the Northside Medical Center since 1976 ("Northside").

3

23. Grace had worked for ValleyCare in a number of roles, to include Supervisor House RN, Manager of Nursing Services, and Director of Nursing Services,

24. In or around May of 2017, Steward took over the operations of Hillside and Northside, along with other Valleycare facilities.

25. Grace and several other former employees of Valleycare continued their employment with Steward.

26. At all times referenced herein, Grace was employed by Steward as a Nurse Manager.

27. At all times referenced herein, Grace was the oldest employee who worked for Steward in a nursing position at Hillside.

28. In addition to her supervisory responsibilities, Grace also worked for Steward in a Patient Advocacy Role.

29. Aside from the new Patient Advocacy job duties, Grace's job duties as a Nurse Manager were substantially similar to those she performed for ValleyCare.

30. In or around August of 2020, Steward hired Sanko as the Director of Nursing.

31. As the Director of Nursing, Stanko directly supervised Grace.

32. Grace was 70 years old when Sanko became her supervisor.

33. Stanko is in her 50's and is substantially younger than Grace.

34. Soon after Sanko was hired, she began culling older nurses and replacing them with substantially younger nurses.

35. Stanko regularly harangued Grace about her retirement plans, asking her at least once a week when she planned to retire.

36. For example, Stanko told Grace "I would retire if I were you"; "why do you want to keep working at your age?"; and "don't you think it would be a good time to retire?"

37. In December of 2021, Stanko accelerated her pressure on Grace to retire and continually insinuated that 2022 would be "a great year to retire" and/or that "I bet 2021 will be your last full year with us."

38. Unbeknownst to Grace at the time, Stanko was announcing her plans for Grace.

39. Subsequently, Grace complained to Snowberger about Stanko's age-based comments and remarks ("Discrimination Complaint").

40. Snowberger dismissed Grace's Discrimination Complaint and told Grace that she was an "old warrior."

41. On or about February 15, 2022, Grace became severely ill with Covid 19, resulting in her hospitalization.

42. Grace timely notified Steward of her unforeseen illness and that she anticipated being off from work for several weeks.

43. Grace's Notification to Steward that she would be absent from work for a FMLA qualifying reason was protected activity under the 29 U.S.C 2615(A)(1). See *Milman v. Fieger & Fieger, P.C.*, 58 F.4th 860 (6th Cir. 2023).

44. As a result of Grace's Illness, she took protected leave under the FMLA.

45. Unbeknownst to Grace at the time, Steward began searching for her replacement while she was out on FMLA leave.

46. Steward posted a "House Supervisor-RN" position on various job searching websites during Grace's leave ("Replacement Position").

47. Grace returned to work at Steward on or about March 13, 2022.

48. On or about March 18, 2022, Steward terminated Grace.

49. Defendants' stated reason for terminating Grace was put into a letter dated March 18, 2022:

> These are difficult days as the world continues to fight the impact of the Coronavirus. The impact has been far and wide, and Steward Health Care…must make some difficult decisions to ensure our staffing levels reflect volumes in all departments. As a result, your position is being eliminated effective today, March 18, 2022.

50. Upon information and belief, Stanko participated in making the decision to terminate Grace and/or her input was relied upon to make the termination decision.

51. Upon information and belief, Snowberger participated in making the decision to terminate Grace and/or her input was relied upon to make the termination decision.

52. Defendants stated reason for terminating Grace was false.

53. Even as Steward claimed to have to make "difficult decisions" to reduce its staffing, it was actively hiring, to include seeking someone to perform Grace job duties.

54. Subsequently, Defendants hired an individual in their 20's to replace Grace.

55. In reality, Steward terminated Grace because of her age.

56. In reality, Steward terminated Grace because of her protected activity in making the Discrimination Complaint.

57. In reality, Steward terminated Grace because of her protected exercise of her rights under the FMLA.

58. Subsequent to her termination, Grace notified Defendants of her claims by and through counsel.

59. Upon learning of Grace's claims, Steward represented that Grace had signed an arbitration agreement.

60. In support of its contentions that Grace had signed an arbitration agreement, Steward produced (1) an unsigned arbitration agreement; (2) an MS Excel Spreadsheet that purported to record when Grace allegedly agreed to arbitration electronically; and (3) a "certificate of achievement" with regards to Grace purported completion of "Arbitration Agreement With Signature SH 19."

61. Contrary to Steward's assertions, Grace did not sign an arbitration agreement and expressly denies having done so.

62. Steward cannot produce any evidence that Grace signed an arbitration agreement.

63. Indeed, at most, Steward's documents suggest that Grace may have received training on its Arbitration Policy, and not that she agreed to it or signed the agreement.

64. While Grace recalls receiving some training from Steward when she was hired, she expressly denies that she received training on its purported arbitration policy.

65. Because Grace is not a party to any arbitration agreement with Defendants, none may compel her to arbitrate her claims against them.

## COUNT I: UNLAWFUL RETALITORY TERMINATION IN VIOLATION OF THE FMLA.
### (Asserted Against All Defendants).

66. Grace restates each and every prior paragraph of this Complaint, as if they were fully restated herein.

67. In February of 2022, Grace engaged in protected activity under 29 U.S.C. § 2615(a)(1) by taking the first step towards securing FMLA leave by notifying Defendants that she required time off for an FMLA qualifying reason.

68. Subsequently, Grace took protected FMLA leave, returning to work on or about March 13, 2022.

69. Subsequently, Defendants retaliated against Grace by terminating her employment.

70. Defendants violated 29 U.S.C. § 2615(a)(1) when they terminated Grace.

71. Defendants violated 29 U.S.C. § 2615(a)(2) when they terminated Grace.

72. Defendants' violation of the FMLA was egregious and blatant, and in so violating the act, Defendants did not have a good faith belief that their conduct was lawful.

73. As a direct and proximate result of Defendants' wrongful conduct, Grace is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## COUNT II: UNLAWFUL TERMINATION IN VIOLATION OF THE ADEA.
## (Asserted Against Steward Only).

74. Grace restates each and every prior paragraph of this Complaint, as if they were fully restated herein.

75. Pursuant to 29 U.S.C. §623(1), it is unlawful to "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age."

76. Grace was 71 years old at the time of her termination and thus, in a class of persons protected by the ADEA.

77. At all times referenced herein, Grace was qualified for her position as a Nurse Manager with Steward.

78. Steward's termination of Grace was an adverse employment action against her.

79. Stewart replaced Grace with a substantially younger person.

80. Steward violated the ADEA when it terminated Grace because of her age.

81. As a result of Steward's discrimination against Grace in violation of the ADEA, Grace has been denied employment opportunities providing substantial compensation and benefits, thereby entitling Grace to injunctive, equitable, and compensatory monetary relief.

82. As a result of Steward's discrimination against Grace in violation of the ADEA, Grace has suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

83. In its discriminatory actions as alleged above, Steward has acted with malice or reckless indifference to the rights of Grace, thereby entitling Grace to an award of punitive damages.

84. To remedy the violations of the rights of Grace secured by the ADEA, Grace requests that the Court award her the relief prayed for below.

## COUNT III: UNLAWFUL TERMINATION IN VIOLATION OF OHIO R.C. § 4112.02(A), *et seq.*
## (Asserted Against Steward Only).

85. Grace restates each and every prior paragraph of this Complaint, as if they were fully restated herein.

86. Ohio R.C. § 4112.02(A) provides that it is an unlawful discriminatory practice for "any employer, because of the… age… of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

87. At all times referenced herein, Grace was qualified for her position as a Nurse Manager with Steward.

88. Steward's termination of Grace was an adverse employment action against her.

89. Stewart replaced Grace with a substantially younger person.

90. Steward violated Ohio R.C. § 4112.02(A) when it terminated Grace because of her age.

91. As a result of Steward's discrimination against Grace in violation of the Ohio law, Grace has been denied employment opportunities providing substantial compensation and benefits, thereby entitling Grace to injunctive, equitable, and compensatory monetary relief.

92. As a result of Steward's discrimination against Grace in violation of the Ohio law, Grace has suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

93. In its discriminatory actions as alleged above, Steward has acted with malice or reckless indifference to the rights of Grace, thereby entitling Grace to an award of punitive damages.

94. To remedy the violations of the rights of Grace secured by Ohio law, Grace requests that the Court award her the relief prayed for below.

## COUNT IV: UNLAWFUL RETALITORY TERMINATION IN VIOLATION OF THE ADEA.
## (Asserted Against Steward Only).

95. Grace restates each and every prior paragraph of this Complaint, as if they were fully restated herein.

96. 29 U.S.C. § 623(d) provides that "It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment…because such individual…has opposed any practice made unlawful by this section."

97. In or around December of 2021, Grace made the Discrimination Complaints to Snowberger.

98. Subsequent to Grace's Discrimination Complaint, Steward terminated her employment.

99. Defendant's actions were retaliatory in nature based on Grace's opposition to and good faith reports of age discrimination.

100. Defendant violated 29 U.S.C. § 623(d) by terminating Grace.

101. As a result of Steward's retaliation against Grace in violation of 29 U.S.C. § 623(d), Grace has been denied employment opportunities providing substantial compensation and benefits, thereby entitling Grace to injunctive, equitable, and compensatory monetary relief.

102. As a result of Steward's retaliation against Grace in violation of 29 U.S.C. § 623(d), Grace has suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

103. In its retaliatory actions as alleged above, Steward has acted with malice or reckless indifference to the rights of Grace, thereby entitling Grace to an award of punitive damages.

104. To remedy the violations of the rights of Grace secured by 29 U.S.C. § 623(d), Grace requests that the Court award her the relief prayed for below.

## COUNT V: UNLAWFUL RETALITORY TERMINATION IN VIOLATION OF OHIO R.C. § 4112.02(I)
## (Asserted Against Steward Only).

105. Grace restates each and every prior paragraph of this Complaint, as if they were fully restated herein.

106. Pursuant to O.R.C. §4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section or because that person has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under sections 4112.01 to 4112.07 of the Revised Code."

107. In or around December of 2021, Grace made the Discrimination Complaints to Snowberger.

108. Subsequent to Grace's Discrimination Complaint, Steward terminated her employment.

109. Defendant's actions were retaliatory in nature based on Grace's opposition to and good faith reports of age discrimination.

110. Defendant violated Ohio R.C. § 4112.02(I) by terminating Grace.

111. As a result of Steward's retaliation against Grace in violation of Ohio R.C. § 4112.02(I), Grace has been denied employment opportunities providing substantial compensation and benefits, thereby entitling Grace to injunctive, equitable, and compensatory monetary relief.

112. As a result of Steward's retaliation against Grace in violation of O.R.C. § 4112.02(I), Grace has suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

113. In its retaliatory actions as alleged above, Steward has acted with malice or reckless indifference to the rights of Grace, thereby entitling Grace to an award of punitive damages.

114. To remedy the violations of the rights of Grace secured by Ohio R.C. § 4112.02(I), Grace requests that the Court award her the relief prayed for below.

## **PRAYER FOR RELIEF.**

WHEREFORE, Plaintiff Joanne Grace requests judgment in her favor against Defendants containing the following relief:

(a) An order directing Steward to place Grace in the position she would have occupied but for Defendants' unlawful treatment of her, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices and other unlawful conduct are eliminated and do not continue to affect Grace;

(b) An award against all Defendants of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Sander for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment, plus an additional equal amount in liquidated damages pursuant to the FMLA;

(c) On Counts II-VI, an award against Steward of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Sander for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

(d) On Counts II-VI, an award of punitive damages against Steward;

(e) Awarding pre-judgment and post-judgment interest as provided by law;

(f) Awarding reasonable attorneys' fees and costs; and

(g) Awarding such other and further relief that this Court deems appropriate.

Respectfully submitted,

*/s/Chris P. Wido*
Chris Wido (0090441)
**SPITZ, THE EMPLOYEE'S ATTORNEY**
25825 Science Park Drive, Suite 200
Beachwood, Ohio 44122
Phone: (216) 364-1330
Fax:    (216) 291-5744
Email:  Chris.Wido@Spitzlawfirm.com

*Attorney for Plaintiff Joanne Grace*

## **JURY DEMAND**

Plaintiff Joanne Grace demand a trial by jury by the maximum number of jurors permitted.

                                           */s/Chris P. Wido*
                                           Chris P. Wido (0090441)
                                           **SPITZ, THE EMPLOYEE'S ATTORNEY**