PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOANNE GRACE, | ) | |
| | ) | CASE NO.  4:23CV2178 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| STEWARD HEALTH CARE | ) | |
| SYSTEM, LLC, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 11] |

Pending is Defendants Steward Health Care System, LLC ("Steward"), Christina Stanko ("Stanko"), and Carol Snowberger ("Snowberger")'s Motion to Dismiss and Compel Arbitration (ECF No. 11).  Defendants contend that Plaintiff Joanne Grace cannot maintain this lawsuit in federal court because her claims of discrimination and retaliation under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* (Count I), the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* (Counts II and IV), and Ohio Rev. Code § 4112.02(A) and (I) (Counts III and V) are covered by an Arbitration Agreement (ECF No. 11-2) between Steward and Plaintiff.[1]

After the within motion was fully briefed, a voluntary petition for relief in a case under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") was filed by Steward in the United States Bankruptcy Court for the Southern District of Texas, being Case No.

---

[1] Count I is asserted against all Defendants.  Counts II through V are asserted against Steward only.

(4:23CV2178)

24-90304, and is being jointly administered under the lead case *Steward Health Care System LLC*, Case No. 24-90213.  Therefore, further proceedings in the within cause are perpetually stayed against Steward subject to reopening upon written motion of Plaintiff or any other proper party in interest, after the bankruptcy case is closed, dismissed, or discharge in bankruptcy is granted or denied, or the granting of relief from the stay imposed by 11 U.S.C. § 362 or any injunction imposed by virtue of 11 U.S.C. § 524.  *See* Judgment Entry Perpetually Staying Further Proceedings Against Defendant Steward Health Care System, LLC Only (ECF No. 17). In response to ECF No. 17, Plaintiff subsequently filed a Notice (ECF No. 18) advising the Court, Stanko, and Snowberger that she will continue to pursue Count I of the Complaint (ECF No. 1) against Stanko and Snowberger for unlawful retaliatory termination in violation of the FMLA.

## I.  Background

Because this case is addressed at the motion-to-dismiss stage, the following allegations as set out in the Complaint (ECF No. 1) are taken as true and construed in the light most favorable to Plaintiff.  *See Ohio Pub. Emps. Ret. Sys. v. Fed. Home Loan Mortg. Corp.*, 830 F.3d 376, 382-83 (6th Cir. 2016).  Plaintiff worked as a nurse for ValleyCare Health System of Ohio from 1976 until Steward took over operations of Hillside Rehabilitation Hospital ("Hillside") and the Northside Medical Center in 2017.  After the transition, Plaintiff chose to continue working for Steward as a Nurse Manager.  She also had Patient Advocacy job duties.  In 2020, Steward hired Stanko as Director of Nursing and she became Plaintiff's supervisor.  Subsequently, Stanko began "culling" older nurses and replacing them with substantially younger nurses.  Stanko

(4:23CV2178)

regularly made comments to Plaintiff about her age, including suggesting that she retire.

Snowberger is the Human Resources Director for Hillside.  In December 2021, Plaintiff

complained to her about Stanko's age-based comments and remarks.  Snowberger dismissed

Plaintiff's complaints.  After falling ill with COVID-19 in February 2022, Plaintiff requested and

was given leave under the FMLA.  Five days after Plaintiff returned to work, Stanko terminated

her employment in March 2022, citing department staffing level cutbacks as a result of the

pandemic.  An individual in their 20s, however, was hired to replace Plaintiff.  Plaintiff (71 years

old) then filed FMLA retaliation and ADEA discrimination claims with the Equal Employment

Opportunity Commission ("EEOC").

      As a condition of Plaintiff's continued employment with Steward, Defendants assert

Grace was required to complete an Arbitration Agreement (ECF No. 11-2).  The Agreement

states that "claims arising under federal, state, or local law based upon or related to

discrimination, harassment, and retaliation," including claims brought under the FMLA against

Steward's employees, must be resolved through arbitration.  ECF No. 11-2 at PageID #: 65-66.

Steward placed the Arbitration Agreement in "Steward University," which is Steward's name for

its employee web-based training platform, so that Steward employees, like Plaintiff, could review

the Arbitration Agreement and, if they agreed to its terms, could electronically sign the

Agreement.  Defendants claim Plaintiff agreed to arbitration when she completed the online

training titled "Arbitration Agreement With Signature SH 19" on June 12, 2019.  *See* Employee

Transcript of Joanne Grace (ECF No. 11-3) at PageID #: 70.  In addition to the transcript of

Plaintiff's completed training, Defendants have produced the Arbitration Agreement (ECF No.

3

(4:23CV2178)

11-3), a Certificate of Achievement presented to Plaintiff for the successful completion of

"Arbitration Agreement With Signature SH 19" (ECF No. 11-4), and Snowberger's Declaration

stating that Plaintiff "electronically reviewed, signed, and accepted the Arbitration Agreement's

terms."  ECF No. 11-1 at PageID #: 64, ¶ 6.

    Plaintiff signed into her training account with a unique user ID and password.

Declaration of Joanne Grace (ECF No. 13-1) at PageID #: 86, ¶¶ 6-7.  While she admits to

completing online training for Steward, she denies signing or even seeing the Arbitration

Agreement.  See ECF No. 13-1 at PageID #: 87, ¶ 9 ("I did not complete an 'arbitration' training

and I never agreed to arbitration or signed an arbitration agreement.").  Plaintiff  also declares

Steward's information technology ("IT") helpdesk could access her account and had previously

done so to solve computer issues.  See ECF No. 13-1 at PageID #: 87, ¶ 8.

## II.  Standard of Review

    The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, generally applies to

employment contracts with arbitration provisions.  *Circuit City Stores, Inc. v. Adams*, 532 U.S.

105, 109 (2001).  When a party fails or refuses to arbitrate under a written arbitration agreement,

the aggrieved party may petition the court for an order compelling the failing party to uphold the

agreement.  9 U.S.C.A. § 4.  In examining a motion to compel arbitration, "courts treat the facts

as they would in ruling on a summary judgment motion, construing all facts and reasonable

inferences that can be drawn therefrom in a light most favorable to the non-moving party."  *Jones*

*v. U-HAUL Co. of Mass. and Ohio, Inc.*, 16 F. Supp.3d 922, 930 (S.D. Ohio 2014) (quoting

*Raasch v. NCR Corp.*, 254 F. Supp.2d 847, 851 (S.D. Ohio 2003)).  Arbitration agreements are

(4:23CV2178)

favored and are to be broadly construed with doubts being resolved in favor of arbitrability.

*AT&T Technologies, Inc. v. Comms. Workers of America*, 475 U.S. 643, 648-50 (1986); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).  The FAA reflects an "emphatic federal policy in favor of arbitral dispute resolution," *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985), and it evinces a "liberal federal policy favoring arbitration agreements," *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 345-46 (2011) ("[O]ur cases . . . have repeatedly described the [FAA] as embodying a national policy favoring arbitration and a liberal federal policy favoring arbitration agreements" (internal quotation marks and citations omitted)).  All doubts or ambiguities concerning the scope of the parties' agreement should be resolved in favor of arbitration.  *Moses H. Cone*, 460 U.S. at 24-25 (1983).

"When considering a motion to stay proceedings and compel arbitration under the [FAA], a court has four tasks:  first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration."  *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000).  Because arbitration agreements are contracts, they are governed by state contract law.  *Glazer v. Lehman Bros. Inc.*, 394 F.3d 444, 450 (6th Cir. 2005), *cert. denied*, 546 U.S. 1214 (2006) (citing *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 394

(4:23CV2178)

(6th Cir. 2003)).  As such, the court applies Ohio contract law when analyzing the formation of

the arbitration agreement in the case at bar.  *Jones*, 16 F. Supp.3d at 930.

### III.  Analysis

#### A.  Agreement to Arbitrate

At issue in this case is whether the parties agreed to arbitration.  Under Ohio contract law,

both parties must manifest their assent to enter into the agreement.  *Dantz v. Am. Apple Grp.,*

*LLC.*, 123 Fed.Appx. 702, 707 (6th Cir. 2005).  Plaintiff contends she never viewed or signed an

arbitration agreement from Defendants.  *See* ECF No. 1 at PageID #: 6, ¶ 61; ECF No. 13-1 at

PageID #: 87, ¶ 9.  In general, "an 'unequivocal denial' that takes the form of admissible

'evidence' can create a genuine dispute of fact."  *Boykin v. Fam. Dollar Stores of Mich., LLC*, 3

F.4th 832, 841 (6th Cir. 2021).  Mindful of the Court's obligation to construe facts and inferences

in Plaintiff's favor and not to weigh evidence at this juncture, the Court is not required to accept

Plaintiff's implausible version of events in order to survive dismissal and an order compelling

arbitration.  "When opposing parties tell two different stories, one of which is blatantly

contradicted by the record, so that no reasonable jury could believe it, a court should not adopt

that version of the facts for purposes of ruling on a motion for summary judgment."  *Scott v.*

*Harris*, 550 U.S. 372, 380 (2007).  "For instance, where self-serving testimony is blatantly and

demonstrably false, it understandably may not create a *genuine* issue of material fact, thereby

allowing a court to grant summary judgment."  *Davis v. Gallagher*, 951 F.3d 743, 750 (6th Cir.

2020) (emphasis in original).

6

(4:23CV2178)

The Court finds that Plaintiff's electronic signature on Stewart's arbitration agreement is authentic, valid, and binding.  A signature may include a physical signature or an electronic signature.  *See* Ohio Rev. Code § 1306.06(A) ("A record or signature may not be denied legal effect or enforceability solely because it is in electronic form.").  In contradicting Plaintiff's denial, Defendants submit evidence that a user with Plaintiff's unique user ID and password logged into the Steward University employee web-based training platform and completed the training titled "Arbitration Agreement With Signature SH 19" on June 12, 2019.  *See* ECF No. 11-3 at PageID # 70.  Plaintiff does not deny she completed the other training modules from the same work day as documented on the training transcript, and admits to being required to take several online training modules when hired by Steward.  *See* ECF No. 13-1 at PageID #: 87, ¶ 9. Snowberger declares she placed the Arbitration Agreement (ECF No. 11-2) provided by Stewart on the training site for Plaintiff to review and that the agreement was reviewed and Plaintiff electronically signed it.  *See* ECF No. 11-1 at PageID #: 63, ¶ 3; PageID #: 64, ¶ 6.  This evidence adequately supports Defendants' position that Plaintiff completed the "Arbitration Agreement With Signature SH 19" training and accepted the terms of the agreement.  *See Jones v. U-Haul Co. of Mass. & Ohio Inc.*, 16 F. Supp.3d 922, 934-35 (S.D. Ohio 2014) (holding that the use of a unique employee ID proved the employee accessed and electronically signed an employment dispute resolution agreement, despite the employee's denial).  Despite suggesting IT can access her account, Plaintiff submits no evidence that anyone else logged into her account and completed the Arbitration Agreement.  *See Morgan v. United Healthcare Servs., Inc.*, No. 1:12-cv-676-HJW, 2013 WL 1828940, at *3 (S.D. Ohio April 30, 2013) (rejecting plaintiff's

(4:23CV2178)

contention that despite using her unique employee ID to electronically sign an arbitration

agreement, the company might have accessed her account and manufactured her signature).

Other than a general denial, Plaintiff does not provide facts negating the evidence that she

completed the arbitration agreement training.  *See Townsend v. Pinewood Social, LLC*, No.

3:24-cv-00003, 2024 WL 1642790, at \*6-7 (M.D. Tenn. April 16, 2024); *Nealey v. Heritage*

*Oaks Mgmt. Enters. USA, LLC*, No. 2:18-cv-1759, 2020 WL 2507332, at \*4 (S.D. Ohio May 15,

2020) (holding plaintiff's self-serving affidavit was insufficient to create a genuine issue of

material fact when defendant submitted sufficient evidence to establish the parties agreed to

arbitrate).  The Court, however, leaves open the possibility that Plaintiff's denial in the present

case was merely misguided, the result of a faulty memory, etc.

Moreover, 9 U.S.C. § 2 does not require a signature on arbitration agreements, only that

the agreement is in writing.  Consequently, continued employment can act as assent to enter into

an arbitration agreement.  *Dantz*, 123 Fed.Appx. at 707-708.  Plaintiff continued her employment

with Steward for almost three years after completing the arbitration agreement training, *i.e.*, from

June 12, 2019 until March 18, 2022.  *See* ECF No. 11-3 at PageID #: 70; ECF No. 1 at PageID #:

5, ¶ 48.  *See Nealey*, 2020 WL 2507332, at \*4 (holding plaintiff's continued employment

manifested her assent to the Employee Acknowledgements that contained a binding arbitration

agreement); *AT&T Mobility Servs., LLC v. Boyd*, No. 1:19cv2539, 2020 WL 6203831, at \*12

(N.D. Ohio Oct. 22, 2020) (holding that plaintiff agreed to arbitration by reviewing the

arbitration agreement, not exercising an opt out option, and continuing his employment beyond

the date when he would be bound by the agreement).  According to Snowberger, the Human

8

(4:23CV2178)

Resources Director for Hillside, Steward would not have continued to employ Plaintiff had she

failed to complete the arbitration agreement. *See* ECF No. 11-1 at PageID #: 63, ¶ 3. *See*

*Sherman v. Serv. Corp. Int'l*, No. 3:16CV0011, 2017 WL 36270, at \*2 (N.D. Ohio Jan. 4, 2017)

(enforcing an electronic arbitration agreement because the agreement was a condition of the

plaintiff's employment); *Raasch*, 254 F. Supp.2d at 864 (finding when "an employer informs its

employees that from this point forward, certain disputes must be directed to arbitration, while the

employees are not obligated to continue in their employment, as long as they do, they are

obligated to comply").

Upon establishing Plaintiff completed the arbitration agreement training, Defendants

provide sufficient evidence that Plaintiff was aware of the agreement which was a condition of

her employment. As such, the completed agreement training and Plaintiff's continued

employment constitutes her assent to enter into the Arbitration Agreement (ECF No. 11-2) under

Ohio law.

## B. Scope and Arbitrability of Agreement

Plaintiff's claim of unlawful retaliatory termination in violation of the FMLA against

Stanko and Snowberger falls within the scope of the Arbitration Agreement (ECF No. 11-2).

The agreement explicitly states that "claims arising under federal, state, or local law based upon

or related to discrimination, harassment, and retaliation," including claims brought under the

FMLA, must be resolved through arbitration. ECF No. 11-2 at PageID #: 66. The agreement

also explicitly covers all employees that may be the subject of the claims. *See* ECF No. 11-2 at

PageID #: 65 ("this Agreement applies to claims and disputes that . . . You may have against the

(4:23CV2178)

Company, and/or its/their . . . employees . . . (each and of all of whom/which may enforce this Agreement"). Under the FAA, employment-related claims may be subject to arbitration. *Van Hauter v. First Watch Restaurants, Inc.*, No. 5:19CV1827, 2019 WL 4918685, at *3 (N.D. Ohio Oct. 4, 2019). As such, Congress did not intend to exempt them from arbitration. Therefore, Plaintiff does not bring a claim outside the scope of the Arbitration Agreement (ECF No. 11-2).

Upon concluding that Plaintiff's claims are subject to arbitration, a district court may dismiss the action or, if requested by a party, stay the action. The FAA "instructs that 'upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration,' the court 'shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.' " *Hilton v. Midland Funding, LLC*, 687 Fed.Appx. 515, 518 (6th Cir. 2017) (quoting 9 U.S.C. § 3). Plaintiff's claim against Stanko and Snowberger is subject to binding arbitration. When a federal court finds that all issues raised in a claim are arbitrable and must be submitted to arbitration and a party has requested a stay of the court proceeding pending arbitration, the FAA compels the court to stay the proceeding. *Smith v. Spizzirri*, 601 U.S. 472, 475-76 (2024). Plaintiff, however, has not requested a stay of the court proceedings pending arbitration under 9 U.S.C. § 3. Accordingly, the Court's retention of jurisdiction over Plaintiff's claim against Stanko and Snowberger during the pendency of arbitration would serve no purpose, and dismissal of the claim is appropriate.

(4:23CV2178)

### IV. Conclusion

For the foregoing reasons, Defendants Christina Stanko and Carol Snowberger s' Motion to Dismiss and Compel Arbitration (ECF No. 11) of Plaintiff's claim for unlawful retaliatory termination in violation of the FMLA (Count I) is granted. The within case is hereby CLOSED.


IT IS SO ORDERED.


  August 29, 2024                              /s/ Benita Y. Pearson
Date                                    Benita Y. Pearson
                                        United States District Judge